IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GEORGE LAMB, JR, and TRACY LAMB, h/w, | ) ) ) | Case No. 3:17-cv-28 |
|---|---|---|
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| RICHARDS SNOW AND ICE REMOVAL, and SAMUEL RICHARDS, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

This matter comes before the Court on Defendants' Motion for a More Definite Statement (ECF No. 8). The present case arises from Plaintiff George Lamb, Jr. ("Mr. Lamb") and Tracy Lamb's ("Mrs. Lamb") allegations that Mr. Lamb slipped and fell on snow and/or ice. (*See* ECF No. 1.) Defendants contend that the "vague and ambiguous nature of plaintiffs' Complaint precludes defendants from preparing a reasonable response." (ECF No. 9 at 2.)

For the reasons that follow, Defendants' Motion for a More Definite Statement (ECF No. 8) is **DENIED**.

### II.  Jurisdiction and Venue

The Court has jurisdiction pursuant to 28 U.S.C § 1332 because both Plaintiffs are alleged to be citizens of the State of New York, both Defendants are alleged to be citizens of the Commonwealth of Pennsylvania, and Plaintiffs seek damages in excess of $75,000. (ECF No. 1 at 1, 5.) Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial

portion of the alleged events or omissions giving rise to the claims occurred in the Western District of Pennsylvania. (*Id.* at 1-2.)

## III. Procedural Background

Plaintiffs filed their Complaint on February 28, 2017, asserting one count of negligence brought by Mr. Lamb against both Defendants and one count for loss of consortium by Mrs. Lamb against both Defendants. (ECF No. 1).

On May 4, 2017, Defendants filed the present Motion for a More Definite Statement and their Brief in Support of Motion for a More Definite Statement. (ECF Nos. 8, 9.) Plaintiffs filed their Response in Opposition to Defendants Motion for More Definitive Statement on June 15, 2017. (ECF No. 10.)

Having been fully briefed, Defendants' Motion is ripe for disposition.

## IV. Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," a party may move for a more definite statement. Fed. R. Civ. P. 12(e). However, Rule 12(e) motions are "highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *A.M. Skier Agency, Inc. v. Creative Risk Services, Inc.*, No. Civ. A. 3:05-CV-0451, 2006 WL 167762, at *12 (M.D. Pa. Jan. 20, 2006) (quoting *Hughes v. Smith*, No. 03-5035, 2005 U.S. Dist. LEXIS 2783, at *12 (E.D. Pa. Feb. 24, 2005); *see also Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967) ("Although the motion for a more definite statement continues to

exist in rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.").

In deciding Rule 12(e) motions, the prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *MK Strategies, LLC, v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (citing *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232-33 (D.N.J. 2003)). Rule 12(e) should not be used to obtain information "which presents a proper subject for discovery." *Id.* (citing *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D. 141, 142-43 (D. Del. 1960)). Rule 12(e) motions should be granted based on "unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assoc.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989) (Smith, J.). Whether a Rule 12(e) motion should be granted is "a matter committed largely to the discretion of the district court." *MK Strategies*, 567 F. Supp. 2d at 737 (citing *Clark*, 213 F.R.D. at 232).

## V. Discussion

In applying this standard to the Complaint, the Court concludes that Plaintiff's Complaint is sufficient and denies Defendants' request for a more definite statement pursuant to Rule 12(e).

As Defendants admit in their Brief (ECF No. 9 at 12), the Complaint alleges that Mr. Lamb slipped and fell "on or about March 3, 2015" at 1192 Shawville Highway, Woodland, PA—a property for which Defendants allegedly had the responsibility to provide snow and ice removal services. (*See* ECF No. 1 at 1-2.) While it may not be a model of particularity or an exemplar of clarity and specificity, Plaintiffs' Complaint is not so vague or ambiguous that Defendants cannot

respond in good faith. *See id.; Merrigan v. Watsontown Trucking Company, Inc.*, Civil Action No. 16-5834-BRM-DEA, 2017 WL 1838575, at *2 (D.N.J. May 5, 2017).

The details sought by the Defendants concerning the precise time and location of the incident are likely appropriate questions for discovery. *See A.M. Skier*, 2006 WL 167762, at *12; *MK Strategies*, 567 F. Supp. 2d at 737. Yet, the lack of this particularized information does not prevent Defendants from responding to the Complaint in accordance with Federal Rule of Civil Procedure 8(b) by admitting, denying, or stating that they lack sufficient knowledge or information. *See* Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). As discussed *supra*, Rule 12(e) motions are "highly disfavored" and will be granted only "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." *A.M. Skier*, 2006 WL 167762, at *12; *Hughes*, 2005 U.S. Dist. LEXIS 2783, at *12; *MK Strategies*, 567 F. Supp. 2d at 737 *Schaedler*, 370 F.2d at 798. The Court is not persuaded that the Complaint's lack of detail prevents Defendants from responding in good faith. Thus, the Court denies Defendant's Motion for a More Definite Statement.

Defendants specifically express concern regarding the waiver of an affirmative defense "in regards to possible statute of limitations argument." (ECF No. 9 at 4.) Defendants cite *Marley v. Donahue*, Civil No. 14-1597, 2014 WL 5152618, at *1 (D.N.J. Oct. 14, 2014) to support their argument that the Court should grant the present Motion to allow Defendants "to determine the propriety of interposing in his answer a waivable defense" in regard to the statute of limitations. (ECF No. 9 at 4.) However, the Complaint specifically alleges that Mr. Lamb's slip-and-fall

incident occurred "on or about March 3, 2015" (ECF No. 1 at ¶ 9)—an allegation that provides ample basis for Defendants to determine the propriety of including a statute of limitations affirmative defense within their answer to the Complaint.

As long as they comply with Federal Rule of Civil Procedure 8(c) and Federal Rule of Civil Procedure 11(b), Defendants may assert any appropriate affirmative defense(s) in their Answer and, if appropriate at a later date, may ask this Court to amend their answer to plead additional affirmative defenses. *See* Fed. R. Civ. P. 15 (regarding amending pleadings); Fed R. Civ. P. 16(b)(4) (regarding modifying scheduling orders if amendments to pleadings are sought after the date set by the Court's scheduling order). Moreover, if within the course of discovery, Defendants learn that the undisputed material facts are insufficient to support Plaintiffs' claims as a matter of law, then Defendants may file a motion for summary judgment on that basis. *See* Fed. R. Civ. P. 56.

In sum, while Defendants may be able to appropriately challenge the lack of particularity of Plaintiffs claims at a later time and under a different procedural mechanism, the allegations of the Complaint are sufficient for Defendants to respond in good faith and, thus, Defendant's Motion under Rule 12(e) is denied.

## VI. Conclusion

For the reasons stated above, the Court concludes that Plaintiff's Complaint sufficiently enables Defendants to fashion an appropriate response. Accordingly, the Court denies Defendants' Motion for a More Definite Statement (ECF No. 8).

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LAMB, JR, and TRACY LAMB, *h/w*, | ) ) ) | Case No. 3:17-cv-28 |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| RICHARD SNOW AND ICE REMOVAL, and SAMUEL RICHARDS, | ) ) ) | |
| Defendants. | ) | |

## ORDER

NOW, this 8th day of December 2017, upon consideration of Defendants' Motion for a More Definite Statement (ECF No. 8) and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Defendants' Motion for a More Definite Statement (ECF No. 8) is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE